THE SHELL CO. (PORTO RICO) LTD., demandante y apelante, *v.* MARÍA GARCÍA BUXÓ VIUDA DE PATXOT y CRISTINA y ANA RODRÍGUEZ, demandadas y apeladas.

No. 6768.—*Sometido:* Diciembre 10, 1934. *Resuelto:* Diciembre 13, 1934.

*Samuel R. Quiñones,* abogado de la apelante; *González Fagundo & González, Jr.,* abogados de las apeladas.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

María García Buxó viuda de Patxot constituyó hipoteca voluntaria a favor de The Shell Co. sobre una finca de su

propiedad. Vendida esta finca más tarde a Cristina y Ana Rodríguez, la corporación mencionada reclamó el pago de la suma adeudada por la vía sumarísima del procedimiento ejecutivo hipotecario que dirigió contra la deudora original María García Buxó y las compradoras de la finca hipotecada. Se ordenó por la corte el requerimiento de las demandadas María García Buxó como deudora original y Cristina y Ana Rodríguez García como terceras poseedoras del inmueble hipotecado. El márshal requirió de pago al Sr. Miguel de Celis en su carácter de arrendatario de la finca, por no residir las demandadas en el distrito judicial de Humacao. Siguió su curso el procedimiento y el mismo día que se celebró la subasta del inmueble hipotecado las demandadas Cristina y Ana Rodríguez hicieron saber al márshal, por medio de una moción entregada a dicho funcionario, que en aquella fecha habían ''radicado ante la Corte de Distrito del Distrito Judicial de Humacao una acción solicitando la nulidad de este ejecutivo hipotecario por los fundamentos consignados en la demanda de dicha acción.'' La finca fué adjudicada a la acreedora hipotecaria, quien antes de otorgarse por el márshal la escritura de venta judicial solicitó del tribunal que se dejasen sin efecto todas las actuaciones judiciales subsiguientes a la expedición del auto de requerimiento y solicitando que dicho auto fuese objeto de un nuevo diligenciamiento en la forma requerida por la ley. La corte inferior anuló los procedimientos ajustándose a lo solicitado por la acreedora hipotecaria.

Presentó luego la demandante una segunda demanda dentro del mismo procedimiento. Se dictó un nuevo auto de requerimiento y al ser requeridas las terceras poseedoras Ana y Cristina Rodríguez, solicitaron de la corte que dejase sin efecto su resolución anulando los procedimientos, por haber sido dictada ''sin tener jurisdicción para ello, toda vez que el ejecutivo hipotecario iniciado por la demandante terminó con la subasta celebrada por el márshal en 7 de junio de 1933 y con la adjudicación de la finca hipotecada a la demandante

y la corte solamente hubiese tenido jurisdicción para dar posesión material de la finca hipotecada a la demandante pero no para decretar la anulación de todo el procedimiento, ya que con ello se trata de burlar la acción de nulidad establecida por vuestras peticionarias contra la aquí demandante bajo el No. 17447 ante esta Hon. Corte." En este pleito de nulidad se alega que el diligenciamiento del requerimiento de pago es completamente nulo y contrario a las disposiciones de la Ley Hipotecaria y el reglamento para la ejecución de la misma.

La corte inferior resolvió que una vez adjudicado a la demandante el inmueble hipotecado, en pública subasta, cesó su jurisdicción para anular el procedimiento, y, consecuente con su criterio, restituyó las cosas al estado que tenían al terminar la subasta y dejó sin efecto la orden anulando los procedimientos practicados con posterioridad a la expedición de la orden de requerimiento.

No conforme la demandante con esta resolución, apeló de la misma notificando el recurso de apelación al abogado de Ana y Cristina Rodríguez y García, quienes solicitan su desestimación por no haberse notificado a la deudora original María García Buxó. La demandante se opone a la desestimación, alegando que en el procedimiento ejecutivo hipotecario no se puede hablar de parte contraria, que este procedimiento no tiene el carácter de juicio contradictorio, que el deudor hipotecario no es parte en el mismo y que este tribunal lo ha declarado así en el caso de *El Banco Territorial y Agrícola* v. *Cintrón,* 7 D.P.R. 198. También arguye la parte apelante que el artículo 129 de la Ley Hipotecaria dispone que cuando la finca pase a un tercer poseedor, se entenderán directamente con éste todas las diligencias judiciales, prevenidas en el artículo 128 de la misma ley, quedando el poseedor subrogado en la personalidad del deudor.

No deja de ser curiosa la cuestión que aquí se plantea, ya que la apelación debe notificarse a la parte contraria o a su abogado, y que ni la deudora original ni aún las terceras

762

poseedoras podrían considerarse partes contrarias si no resultasen afectadas o agraviadas por la revocación o modificación de la sentencia o providencia apelada. Si se examinan los autos en el presente caso, se verá que no hay contienda en cuanto a la alegación de nulidad de las diligencias judiciales practicadas después de expedido el primer auto de requerimiento. La discrepancia surge en cuanto al procedimiento. La apelante cree que la corte pudo decretar la nulidad dentro del procedimiento ejecutivo y las terceras poseedoras opinan que esta nulidad debe decretarse en el juicio declarativo que han iniciado. Nada tiene que ver la deudora hipotecaria con esos empeños que se encaminan a un solo fin y que han de culminar, si hemos de atenernos a las admisiones que surgen de los autos, en la nulidad de las actuaciones judiciales, cualquiera que sea el procedimiento que en definitiva se adopte. La Sra. María García Buxó no es una parte agraviada, y por lo tanto no estuvo la apelante obligada a notificarle el recurso de apelación.

*Debe declararse sin lugar la moción que solicita la desestimación de este recurso.*